# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GREGG ANDERSON,<br><br>**Plaintiff,**<br><br>v.<br><br>KODY WATTS, ROSE M. TOEWS, LIBERTY TITLE, WELLS FARGO HOME MORTGAGE,<br><br>**Defendants.** | **RULING & ORDER**<br><br>Case No. 2:17-cv-00193<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

## **INTRODUCTION**

This case is before Magistrate Judge Dustin Pead pursuant to a 28 U.S. C. §636(b)(1)(B) referral from District Court Judge Dale Kimball. (ECF No. 21.)

On April 5, 2017, the court granted Plaintiff Gregg Anderson's (Plaintiff or Anderson) application for leave to proceed *in forma pauperis* and waived the prepayment of filing fees pursuant to 28 U.S.C. §1915. (ECF No. 2.)[1] Several months later, on September 6, 2017, Plaintiff filed an "Ammended [sic] Complaint" naming Kody Watts (Mr. Watts), Rose M. Toews (Ms. Toews), 1st Liberty Title (Liberty Title) and Wells Fargo Home Mortgage (Wells Fargo) as

---

[1] Plaintiff submitted an initial partial filing fee in the amount of $30.57 but to date has not submitted any additional payments. (ECF No. 5.)

Defendants (collectively Defendants) and asserting federal diversity jurisdiction pursuant to 28 U.S.C. §1332(a). (ECF No. 14.)

Currently pending before this court are three separate motions to dismiss the complaint filed by Liberty Title, Mr. Watts and Wells Fargo. (ECF No. 25, ECF No. 35, ECF No. 36.)

**<u>Federal Court Jurisdiction</u>**

This court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez,* 149 F.3d 1269, 1270-1271 (10th Cir. 1998) (quoting *Tafoya v. U.S. Dept. of Justice,* 748 F.2d 1389, 1390 (10th Cir. 1984). As the plaintiff in this action, Mr. Anderson has the burden of establishing federal jurisdiction. *Penteco Corp. Ltd. P'ship---1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991).

Upon review, the court is unable to identify any basis for this court's jurisdiction. Plaintiff asserts diversity jurisdiction based upon his domicile in Oregon and the Defendants location in the State of Utah. Specifically, Mr. Anderson states that he is "domicile[d] within the State of Oregon with no intention of returning to Utah," and the Defendants' are "domicile[d]" and "resid[e]" in "the State of Utah." (ECF No. 14 at 1.) The court docket, however, lists Mr. Anderson's current address as Bountiful, Utah, and Plaintiff's pleading was signed and notarized in Davis County, Utah.[2] Given this discrepancy, the court concludes there is insufficient evidence of Mr. Anderson's current state of domicile or citizenship to establish diversity with the

---

[2] On August 9, 2017, the District Court re-confirmed the Bountiful, Utah location as Plaintiff's correct address. (ECF No. 10.)

named Defendants.[3] *See* 28 U.S.C. 1332(a); *see also Siloam Springs Hotel, L.L.C. v. Century Surety Co.,* 781 F.3d 1233, 1238 (10th Cir. 2015) (citing *Whitelock v. Leatherman,* 460 F.2d 507, 514) n. 14 (10th Cir. 1972) (individual's domicile is relevant for diversity and "an allegation that a party . . . is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court."). In turn, while federal question jurisdiction may also be established based on claims "arising under the Constitution, laws, or treaties of the United States," Plaintiff does not rely upon or identify any federal statutes or regulations as the basis for his claims. *See* 28 U.S.C. §1331.

Absent diversity or federal question jurisdiction this court is prohibited from hearing Mr. Anderson's case. A basis for neither is evident on the face of the complaint. As such, the court lacks jurisdiction and Plaintiff's complaint is dismissed without prejudice. *See* Fed. R. Civ. P. 12(b)(1).

**<u>Failure To State A Claim</u>**

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that. . . the action or appeal. . . is frivolous or malicious. . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(i), (ii). In determining whether a complaint fails to

---

[3] Further, as relevant to Defendants Wells Fargo and Liberty Title, "[a] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. §1332(c)(1). The domicile of an LLC, on the other hand, is not governed by the state where the entity was formed or where it has its principle place of business. Instead, an LLC is domiciled in every state in which its members are

state a claim for relief under the IPF statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. In undertaking this analysis, the court is mindful that Mr. Anderson is pro se, and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). That said, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant" *Bellmon,* 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

**Rule 8 of the Federal Rules of Civil Procedure** requires a Plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Compliance with Rule 8 compels a Plaintiff to "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007), Fed. R. Civ. P. 8. Specific information is imperative in order to provide the opposing party with full and fair notice of the claims raised. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas,* 891 F.2d 1473, 1480 (10th Cir. 1989) (citing *Perington Wholesale Inc. v. Burger King Corp.,* 631 F.2d 1369, 1371) (10th Cir. 1979); *see also Nasious*, 492 F.3d 1163 (10th Cir. 2007) (a plain

---

domiciled. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233 (10th Cir. 2014) (explaining diversity inquiry must include all members of an LLC).

statement under rule 8 provides defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.").

The allegations in this case are extremely limited. For example, the only reference to Wells Fargo is found at paragraph four (4) and the only reference to Liberty Title is at paragraph ten (10). (ECF No. 14.) Additionally, Plaintiff fails to state causes of action against any of the Defendants. And, although Mr. Anderson's "allegations" appear to suggest some type of wrongdoing, it is not the obligation of this court to construct legal theories on his behalf. Absent additional information, Defendants lack sufficient notice to prepare a defense and this court lacks the information necessary for it to adjudicate the merits. Accordingly, as an alternative basis for dismissal, the court also dismisses Plaintiff's complaint without prejudice for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 8(a).

**ORDER**

Accordingly, as set forth above, the Court ORDERS as follows:

1. Mr. Anderson's complaint is dismissed without prejudice for lack of jurisdiction and for failure to state a claim.

2. Plaintiff shall have until **January 4, 2018,** to file an Amended Complaint addressing these deficiencies. The amended pleading must establish federal jurisdiction and state a specific claim for relief against each of the named Defendants. Failure to do so may result in a recommendation of dismissal to the District Court.

3. Consistent therewith, the motions to dismiss for failure to state a claim filed by Defendant Liberty Title (ECF No. 25) and Wells Fargo (ECF No. 36) are granted. Defendant Watt's motion to dismiss for failure to effect proper service is denied as moot. (ECF No. 35.)

SO ORDERED this 15th day of December, 2017.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge